KLEES, Judge.
Appellants challenge the judgment of the district court declaring appellees to be the sole rightful heirs of the decedent, Regina Dubos. We affirm.
Regina Dubos died on March 5, 1980 survived by collateral relations only. Her will, probated on March 27, 1980, was attacked for lack of testamentary capacity and was declared valid by the district court on January 15, 1981. On September 30, 1983, we affirmed that judgment on devolu-tive appeal, and the Supreme Court later denied writs. Because the will only revoked a prior will and did not make any disposition of decedent’s estate, the succession is to be distributed according to the laws of intestacy.
On March 5, 1980 when Regina Dubos died, Rene Girot, her half-uncle, was related to decedent in the nearest degree — the third. He was the son of decedent’s maternal grandfather from his second marriage. Rene Girot passed away on September 21, 1981. Appellees are his universal legatees, who claim to take in his stead. Appellants are decedent’s first cousins (the children of the siblings of decedent’s father) and are related to decedent in the fourth degree.
Appellees filed a petition for declaratory judgment seeking a declaration that Rene Girot was related to Regina Dubos in the nearest degree, excluding all others, and that the rights of Rene Girot to decedent’s succession were transmitted upon his death to appellees, entitling them to be called to the Succession of Regina Dubos to the exclusion of appellants and all other collateral relatives. Appellants contended that they, not appellees, were the rightful heirs of decedent. After a trial consisting solely of arguments by counsel and the introduction of documentary evidence, the district court held that because Rene Girot was related to decedent in the nearest degree at the time of her death, his legatees, appel-lees herein, are entitled to her estate to the exclusion of all others. This judgment has been appealed devolutively.
*921 We find the trial court s judgment to be a correct application of Louisiana law. As all of decedent’s survivors belong to the same class, that of collateral relations, the person or persons nearest in degree takes the succession to the exclusion of the others. La.Civ.Code arts. 899, 900, 901. This person, who is called the legal heir, succeeds immediately upon the decedent’s death, even before having accepted the succession or having been put in possession. La.Civ.Code arts. 940, 941. Civil Code article 944 states:
The heir being considered as having succeeded to the deceased from the instant of his death, the first effect of this right is that the heir transmits the succession to his own heirs, with the right of accepting or renouncing, although he himself have not accepted it, and even in case he was ignorant that the succession was opened in his favor.
Thus, under the Code, it is unquestionable that Rene Girot, who was related to decedent in the nearest degree at the time of her death, became her sole heir and immediately transmitted his rights of inheritance to his own heirs, the appellees.
Appellants make three arguments as to why they should share in the succession, none of which has any merit. First, appellants contend that they are whole blood relations of the fourth degree, whereas ap-pellees are only half-blood relations of the same degree. This argument is fallacious because appellees, although actually related to the decedent in the fourth degree, are considered as being related in the third degree, because they stand in the shoes of Rene Girot, from whom their rights were transmitted. Whether appellees’ connection to the decedent is of whole or half blood is completely irrelevant. Pearson v. Grice, 6 La.Ann. 232 (1851).
Appellees’ second argument is that the legal heir could not have been called to the succession until the time that the Supreme Court denied writs in the appeal of the judgment upholding decedent’s will, at which time Rene Girot was dead. This argument flies in the face of article 944’s blanket statement that the legal heir succeeds at the instant of decedent’s death. Moreover, even if it were necessary to wait for the validity of the will to be determined, in this case that fact was determined in February of 1981, when the trial court’s judgment upholding the will became final, at which time Rene Girot was still alive. That judgment was appealed devolutively, which did not suspend its effect.
Appellees’ final argument is that Rene Girot was not a legal relative of decedent because the marriage óf Rene Girot’s parents was bigamous. Rene’s father, Leopold Girot, was married to Francoise Remy in France prior to his marriage to Rene’s mother, Marie Claverie. The marriage to Francoise Remy was dissolved in 1883 by means of a divorce decree rendered by a Louisiana court. Leopold Girot married Marie Claverie in 1884 in Louisiana. Appellees claim that the 1883 divorce was invalid because the court lacked jurisdiction, thereby rendering the marriage of Rene’s parents invalid and making Rene illegitimate. We do not have to consider the merits of this contention because we find that even if the marriage of Leopold and Marie was bigamous, their son Rene would be legitimate by virtue of the Civil Code articles regarding putative marriages. La.Civ.Code arts. 117, 118. There is no evidence in the record of bad faith on the part of both spouses, which would be required to erase the legitimacy of their children.
Accordingly, for the reasons herein stated, we affirm the judgment of the trial court declaring appellees to be the sole heirs of Regina Dubos.
AFFIRMED.